**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LEXINGTON**
**CRIMINAL ACTION NO. 12-79-KKC-JGW-7**
**CIVIL ACTION NO. 15-363-KKC-JGW**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**V.**

**XAVIER GREEN**                                                                    **DEFENDANT**

### REPORT AND RECOMMENDATION

Pending is defendant's motion for postconviction relief under 28 U.S.C. §2255. Doc. 1132. The motion was not filed within one year of defendant's sentence becoming final. However, defendant contends it should be deemed timely because it was filed within one year of the issuance of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. According to defendant, *Johnson* means that he no longer qualifies as a career offender under the relevant Sentencing Guideline provisions. The United States, by contrast, contends *Johnson* does not apply retroactively to this motion. Having reviewed the record and applicable law, the Court concludes that defendant is not entitled to relief.

The relevant facts are not in dispute. Briefly, in December 2012 defendant pleaded guilty to one count of being a member of a conspiracy to distribute 28 grams or more of cocaine base and one count of distribution of cocaine base. Doc. 344. Section four of the plea agreement, which defendant signed, provided in pertinent part that "because the Defendant has a prior felony drug conviction, the statutory punishment [for the conspiracy offense] is not less than 10 years

1

nor more than life imprisonment . . . ." *Id.* at p. 4.[1] Section six of the plea agreement stated that the parties believed defendant was a career offender under U.S.S.G. 4B1.1. *Id.* at p. 5. Finally, section eight of the plea agreement provided that defendant "waives the right to appeal and the right to attack collaterally the guilty plea and conviction. However, the Defendant has reserved the right to appeal his sentence."[2] *Id.* at p. 6.

After being rescheduled several times, defendant's sentencing hearing was held in December 2013. During the sentencing, the Court noted that there were no objections to the presentence report, and that report calculated defendant's guideline range as being 262-327 months' imprisonment. Doc. 852, p. 3. Nonetheless, after hearing from defendant and all counsel, the Court sentenced defendant to the statutory minimum sentence of 120 months' imprisonment. *Id.* at p. 16. *See also* doc. 854.

No action relevant to the pending §2255 motion occurred thereafter until December 2015, when defendant filed his §2255 motion. Doc. 1132. The United States filed its response in opposition in February 2016 (doc. 1154). Despite having been afforded time to do so (doc. 1136), defendant did not file a reply by the March 14, 2016 deadline.

Defendant's motion is facially untimely as it was filed well over one year after his conviction became final. Defendant contends the petition nonetheless is timely because it was filed within a year after the issuance of *Johnson*. However, for *Johnson* to afford relief to defendant it must first be found to apply retroactively to cases which were final when it was

---

1 Similarly, section nine of the plea agreement expressly provided that defendant had a prior drug felony conviction. *Id.* at p. 6.

2 Because defendant is contesting his sentence, not his guilty plea or convictions, the §2255 petition is not barred by the waiver clause.

2

rendered, which is an unsettled question.

The United States argues that "*Johnson* applies retroactively in all ACCA cases and in guidelines cases on direct review, but it does not apply retroactively in guidelines cases that were final before the decision was announced." Doc. 1154, p. 4.  At least one district court within the Sixth Circuit has adopted at least the essential tenets of the United States' position on retroactivity.  *See United States v. Willoughby*, 2015 WL 7306338, at *6 (N.D. Ohio Nov. 18, 2015) (appeal pending as Sixth Circuit case 16-3080) ("But while the Sixth Circuit has vacated Guideline sentences pending on direct appeal, Willoughby raises a question so far unanswered by *any* court: Can a prisoner use *Johnson* to collaterally attack his Section 4B1.1 career-offender designation in an initial habeas petition? This Court thinks not. . . . The Government admits *Johnson* establishes a new, retroactive substantive rule as to the ACCA, but nonetheless argues it creates nothing more than a non-retroactive procedural rule as to the Sentencing Guidelines. Under the Government's rubric, Willoughby could use *Johnson* to challenge his sentence had he been designated an armed career criminal under the ACCA. But because he was sentenced under the identically worded Guidelines, he cannot. While perhaps counterintuitive at first blush, the Government's position tracks the logic of the Supreme Court's distinction between substantive and procedural rules.").[3]

---

[3] *See also Hallman v. United States*, 2016 WL 593817, at *4-5 (W.D. N.C. Feb. 12, 2016) (appeal to the 4th Circuit pending) ("It appears to be undisputed that the decision announced in *Johnson* is a new rule of law, and for petitioner to benefit from such decision, it would have to be retroactively applicable to cases on collateral review. When the Supreme Court announces a new rule of constitutional law, that rule applies to all criminal cases still pending on direct review. Whether the new rule of law can be applied to cases such as this one, which is on collateral review, pivots on whether the decision was substantive or procedural. A new rule of law applies to cases on collateral review only in limited circumstances. If the new rule is substantive, then it applies retroactively. . . . It appears to the court that the decision announced in *Johnson*, when applied to the advisory

3

On the other hand, the relevant career offender residual clause in the Guidelines is, by the Government's own admission, "identically worded" as the ACCA provision found impermissibly vague in *Johnson*. Doc. 1154, p. 3. Indeed, the Sixth Circuit has interpreted *Johnson* as applying with equal vigor to career offender designations under both the ACCA and the Guidelines, albeit on direct appeal. *See United States v. Darden*, 605 Fed. Appx. 545, 545-546 (6th Cir. 2015) ("George Darden received a career offender enhancement under United States Sentencing Guideline § 4B1.1. At issue is whether one of Darden's previous convictions qualifies as a "crime of violence" under the residual clause of § 4B1.2(a)(2). In *Johnson v. United States* . . . the Supreme Court held that the identically worded residual clause of the Armed Career Criminal Act is void for vagueness. *Compare* U.S.S.G. § 4B1.2(a)(2) *with* 18 U.S.C. § 924(e)(2)(B)(ii). We have previously interpreted both residual clauses identically, and Darden deserves the same relief as Johnson: the vacating of his sentence.") (citations omitted).

In short, the question of *Johnson*'s retroactivity in situations such as the one at hand is unsettled. As this Court explained last year:

> The Sixth Circuit has yet to formally determine whether *Johnson* qualifies as a retroactively applicable decision available to cases on collateral review, and the circuit courts of appeal have reach conflicting results on this question. Compare *Price v. United States*, 795 F. 3d 731 (7th Cir. 2015) (holding that *Johnson* is retroactively applicable to cases on collateral review for purposes of § 2255(h)(2)) with *In re: Rivero*, 797 F. 3d 986, 989 (11th Cir. 2015) (rejecting *Price*, holding that "[a]lthough we agree that *Johnson* announced a new substantive rule of constitutional law, we reject the notion that the Supreme Court has held that the

---

sentencing guidelines as petitioner suggests here, is a procedural rather than a substantive rule. Its effect on the definition of crime of violence under § 4B1.2(a)(1)(2) of the Guidelines did not narrow the scope of a criminal statue by interpreting its terms or place particular conduct or persons covered by the statute beyond the State's power to punish. Because failure to calculate a correct guidelines range is a procedural error the decision in *Johnson* when applied to calculating a sentence under the Guidelines is a procedural rule.") (quotation marks, citations and paragraph break omitted).

4

new rule should be applied retroactively on collateral review" as required by § 2255(h)(2)) . . . .

*Taylor v. Snider-Norris*, 2015 WL 7018450, at *4 (E.D.Ky. Nov. 12, 2015).

Inevitably the Sixth Circuit and/or the Supreme Court soon will determine definitively whether *Johnson* applies retroactively to §2255 motions based on a career offender designation under only the Guidelines. However, this Court need not decide authoritatively the issue at this time because defendant would not be entitled to substantive relief, even if *Johnson* were deemed retroactively applicable to his §2255 motion.

It is unquestioned that defendant has a prior felony drug offense.[4] The minimum statutory sentence for someone with a prior felony drug conviction who is guilty of being part of a conspiracy to distribute 28 grams or more of cocaine base is ten years' imprisonment. *See* 21 U.S.C. §846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."); 21 U.S.C. §841(b)(1)(B) ("In the case of a violation of subsection (a) of this section involving . . . (iii) 28 grams or more of a mixture or substance described in clause (ii) which contains cocaine base . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . . *If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment* . . . .") (emphasis added).

---

4 The issue is whether defendant's state wanton endangerment conviction, when combined with the drug-related conviction, is sufficient to make him a career offender under the residual clause of the Guidelines. Defendant has not contested the qualifying nature of his prior drug conviction.

Defendant received the statutory minimum 120 month sentence.  In other words, even if the wanton endangerment conviction had never occurred, defendant's minimum sentence would have been 10 years (i.e., 120 months).

Therefore, even if the Court assumes (solely for purposes of argument) that *Johnson* applies to the §2255 motion, defendant would not be entitled to any substantive relief.[5]  Instead, application of *Johnson* would only serve to remove defendant's career offender designation without a concomitant reduction in his minimum statutory punishment.[6]  Consequently, granting defendant's §2255 motion would give him, at most, a pyrrhic triumph of meaningless form over substance.   Such an act would also contravene the accepted general principle that §2255 relief is appropriate only for "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" meaning that mere "[e]rrors in the application of the sentencing guidelines cannot be litigated in a § 2255 motion." *McKuhn v. United States*, 2015 WL 1957096, at *4, 8 (W.D. Tenn. April 29, 2015) (internal quotation marks and citations omitted).  In short, the §2255 motion should be denied.

Accordingly,

**IT IS RECOMMENDED**:

Defendant's 28 U.S.C. §2255 motion (doc. 1132) should be **denied**.

---

[5] Defendant's eight year term of supervised release (doc. 854, p. 3) is also the minimum authorized under 21 U.S.C. §841(b)(1)(B) for persons with a prior felony drug offense.

[6] The 120 month sentence is well under the thirty year maximum sentence for defendant's second offense, distribution of cocaine.  21 U.S.C.(b)(1)(C).  Additionally, defendant has not shown that his plea was involuntary or unknowing.  Consequently, enforcing the plea agreement and not altering defendant's 120 month sentence will not countenance an illegal or otherwise improper sentence.

6

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 16th day of March, 2016.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge