UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>XAVIER GREEN,<br><br>    Defendant. | CRIMINAL NO. 12-79-KKC-JGW<br><br>CIVIL NO. 15-363-KKC-JGW<br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on United States Magistrate Judge Gregory J. Wehrman's Report and Recommendation (DE 1165) filed March 16, 2016, and Defendant's Objections filed April 4, 2016. (DE 1170).

In December 2012, Defendant Xavier Green pleaded guilty to conspiring to distribute cocaine and to distributing cocaine. (DE 344.) Section four of the plea agreement noted Defendant's admission to a prior felony drug conviction, and his understanding that, consequently, the statutory minimum sentence for the conspiracy charge was ten years. (DE 344 at 4.) The plea agreement also set forth the parties belief that Defendant qualified as a career offender under the United States Sentencing Guidelines ("U.S.S.G."). (DE 344 at 5.) On December 17, 2013, this Court sentenced Defendant to the statutory minimum sentence of 120 months imprisonment. (DE 852 at 16.) The Court exercised its discretion to vary from Defendant's then-undisputed guideline range of 262–327 months imprisonment. (DE 852 at 3.)

Defendant now moves for postconviction relief under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The *Johnson* Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. Defendant asserts that *Johnson* likewise invalidates the textually identical U.S.S.G. § 4B1.2(a) career offender residual clause, which was used in calculating Defendant's guideline range. Defendant contends (1) that his prior Kentucky wanton endangerment conviction only qualified as a crime of violence under the residual clause, (2) that because this clause is invalid he no longer qualifies as a career offender, (3) and that "imposition of the career offender status now subjects him to a punishment that the law cannot impose on him." (DE 1132-1.) In response, the United States asserts that *Johnson* is not retroactively applicable to collateral attacks on a conviction.

Judge Wehrman noted that the retroactive applicability of *Johnson* in postconviction challenges to a U.S.S.G. career-offender designation remains an unsettled question. (DE 1165 at 2–3.) However, the recommendation found, and this Court agrees, that deciding that question is unnecessary under the facts presented because Defendant would not be entitled to relief even if *Johnson* were applicable. (DE 1165 at 5.) Judge Wehrman aptly summarized the basis for this finding:

> It is unquestioned that defendant has a prior felony drug offense. The minimum statutory sentence for someone with a prior felony drug conviction who is guilty of being part of a conspiracy to distribute 28 grams or more of cocaine base is ten years' imprisonment. *See* 21 U.S.C. §846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."); 21 U.S.C. §841(b)(1)(B) ("In the case of a violation of subsection (a) of this section involving . . . (iii) 28 grams or more of a mixture or substance described in clause (ii) which contains cocaine base . . . such person shall be sentenced to a term of imprisonment which

2

> may not be less than 5 years and not more than 40 years . . . . *If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ."*)[.] Defendant received the statutory minimum 120 month sentence.

(DE 1165 at 5–6 (emphasis in original).) Defendant filed objections to the Report and Recommendation on April 4, 2016. (DE 79.)

This Court must conduct a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C § 636(b). However, Defendant's objections only reassert his contentions that *Johnson* applies retroactively and that he has, thus, been subjected to a punishment that the law cannot impose upon him. (DE 1170 at 3.) The former contention addresses an issue that, as noted above, is ultimately irrelevant to Defendant's entitlement to relief and the latter argument is, thus, fatally undermined.

To reiterate, whether or not Defendant's guideline calculation was invalid, Defendant was simply not sentenced based on those guidelines. This is not a case where proof that a guideline range was mistakenly deemed applicable would "demonstrate[ ] a reasonable probability of a different outcome." *Cf. Molina-Martinez v. United States*, 578 U. S. ___, ___ (2016) (slip op., at 11). Defendant's 120 month sentence was based on the applicable statutory minimum resulting from his prior drug conviction—120 months—not the guideline range resulting from his career offender status—262–327 months. *Cf. id.* ("The record in a case may show . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range.").

Accordingly, **IT IS ORDERED** that:

1. The Magistrate Judge's Report and Recommendation (DE 1165) is **ADOPTED** as and for the opinion of this Court;

2. Xavier Green's Motion to Vacate (DE 1132) is **DENIED**; and

3. Judgment shall be entered contemporaneously with this Order.

Dated April 27, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY