UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:12-CR-79-KKC-REW-7 |
| | ) | No. 5:16-CV-265-KKC-REW |
| v. | ) | |
| | ) | |
| XAVIER DURRELL GREEN, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Movant, Xavier Durrell Green, is a federal inmate. DE #1206 (Motion). On July 7, 2016,[1] Green filed a *pro se*[2] motion under 28 U.S.C. § 2255. *See generally id.* The Court has conducted an initial review of the filing. For the reasons stated below, the Court **RECOMMENDS** that the District Judge **TRANSFER** Green's § 2255 motion (DE #1206) to the Sixth Circuit pursuant to 28 U.S.C. § 1631. The motion is second or successive, and Green has not secured Sixth Circuit authorization to file.

I. **BACKGROUND INFORMATION**

On August 16, 2012, a federal grand jury indicted Green, among others, with one count of conspiring to distribute twenty-eight grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with two counts of distributing crack

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Green dated the motion as signed on July 7, 2016, DE #1206, at 9, and the envelope was stamped as processed through the prison mailbox system on July 11, 2016, DE #1206-1, at 2.

[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

cocaine, in violation of 21 U.S.C. § 841(a)(1). DE #20 (Superseding Indictment, Counts 1, 23-24). The grand jury later again superseded the indictment, with no substantive changes to Green's charges. DE #179 (Second Superseding Indictment). Green pleaded guilty to the conspiracy count and one distribution count, pursuant to a plea agreement, on December 12, 2012. DE ##340 (Minute Entry); 344 (Plea Agreement); 345 (Sealed Supplement). Judge Caldwell sentenced Green on December 17, 2013. DE #846 (Minute Entry). Green received a total prison sentence of 120 months, the mandatory minimum, followed by 8 years of supervised release. DE # 854 (Judgment). Some nine months later, Green filed a motion for leave to file a direct appeal, DE #992 (Motion), which Judge Caldwell denied. DE #997 (Order). On December 10, 2015, Green filed a § 2255 motion premised on *Johnson v. United States*, 135 S. Ct. 2251 (2015), as applied to the career offender provisions of the Sentencing Guidelines, which the Court deemed timely filed. DE ##1132 (Motion); 1136 (Order). After full briefing and a recommended disposition, Judge Caldwell denied the § 2255 motion. DE #1178 (Memorandum Opinion & Order).

Green now files a second § 2255 motion, again premised on *Johnson* and U.S.S.G. § 4B1.1. Because Green has not obtained authorization from the Sixth Circuit to file a second or successive § 2255 petition, the Court recommends transfer.[3]

---

[3] This is one of many problems with Green's motion. The Court pursues transfer first, as a jurisdictional predicate. 28 U.S.C. § 2244(b)(3)(A). However, § 2255(e) also mandates that a habeas request "shall not be entertained" if a sentencing court already "has denied [movant] relief[.]" *Id.* § 2255(e). Further, § 2244(a) blocks reconsideration of detention "if it appears that the legality of such detention has been determined by a judge . . . of the United States on a prior application . . . , except as provided in section 2255." *Id.* § 2244(a). Jurisdiction comes first as a hurdle to this redundant filing, *see* Rules Governing Section 2255 Proceedings, Rule 9, so the Court elects transfer. *See United States v. Jones*, No. 7:08-28-KKC, 2014 WL 1513166, at *2 (E.D. Ky. April 16, 2014) (Caldwell, C.J.) (citing *Sims* and Rule 9, stating: "The Sixth Circuit requires transfer, for want of jurisdiction, when a movant files a second or successive § 2255 motion in the district court (and without proper circuit authorization).").

2

**II. ANALYSIS**

In the § 2255 motion, Green again requests relief based on the proposition that he no longer qualifies as a career offender under § 4B1.1 after *Johnson*. The Sixth Circuit has applied the reasoning in *Johnson* to invalidate the residual clause of § 4B1.1. *See United States v. Pawlak*, 822 F.3d 902, 907 (6th Cir. 2016).[4]

"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). The statutes mandate the Circuit as the starting point for second or successive § 2255 filings.

This is unquestionably a second or successive § 2255 motion. *Burton v. Stewart*, 127 S. Ct. 793 (2007) (*per curiam*).[5] Green filed the first in December 2015. DE #1132 (§ 2255 Motion). The parties briefed the sole claim Green raised, namely whether, in light of *Johnson*, Green continued to qualify as a career offender under § 4B1.1. DE

---

[4] The Court of Appeals has not yet addressed the retroactive availability of *Johnson*, as applied to the Sentencing Guidelines, to defendants on collateral review. The Supreme Court recently granted certiorari in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016), to address the issue.

[5] Of course, not all numerically second habeas petitions are "second or successive." *Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010). However, nothing in the record indicates that Green's claim, the second to attack the underlying judgment, goes outside the cases' interpretation of "second or successive." *See, e.g.*, *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (summarizing the Supreme Court case law and finding that a numerically second petition was not "second or successive" because the claim was "unripe" when movant filed the initial petition, meaning that "the events giving rise to the claim had not yet occurred"). That is not the case here—Green seeks a second (really, identical) bite at the apple regarding his *Johnson* claim.

##1154 (Response), 1163 (Reply). Judge Wehrman issued a thorough recommended disposition. DE #1165. Green objected. DE #1170. The District Court adopted the recommendation and denied the § 2255 motion. DE #1178. Green did not appeal or even seek a Certificate of Appealability.

Green now presents a second § 2255 motion, again arguing that *Johnson* "applies to individuals who were sentenced as a career offender based on . . . the 'residual clause' of the career offender guideline." DE #1206, at 7. Judge Caldwell rejected relief on the same claim before, finding the career offender calculus irrelevant to the mandatory minimum sentence Green received. DE #1178, at 3. Green has not received the requisite authorization for a second § 2255 motion from the Sixth Circuit.[6] *See* § 2255(h); *see also* § 2244(b)(3). The Court thus recommends that the District Court transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when . . . a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

### III.   RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Judge **TRANSFER** Green's § 2255 motion (DE #1206) to the Sixth Circuit pursuant to 28 U.S.C. § 1631. The motion (likely meritless and non-cognizable based on the prior disposition) foundationally is second or successive, and Green did not secure Sixth Circuit authorization to file.

\* \* \* \* \*

---

[6] The docket reflects, and Green asserts, no such authorization. Further, the Court searched the Sixth Circuit's online docket and found no grant of authorization to Green.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466, 475 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 22d day of July, 2016.

Signed By:
Robert E. Wier  REW
United States Magistrate Judge