UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br>V.<br><br><br>XAVIER DURRELL GREEN,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:12-79-KKC<br><br>CIVIL ACTION NO. 5:15-363-KKC<br>CIVIL ACTION NO. 5:16-265-KKC<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on United States Magistrate Judge Robert E. Wier's Report and Recommendation (DE 1209) filed July 22, 2016, and defendant Xavier Green's motion to reopen the time to appeal the denial of his initial § 2255 motion. (DE 1178; DE 1226).

### I.  BACKGROUND

In December 2012, defendant Green pleaded guilty to conspiring to distribute cocaine and to distributing cocaine. (DE 344). Section four of the plea agreement noted Green's admission to a prior felony drug conviction, and his understanding that, consequently, the statutory minimum sentence for the conspiracy charge was ten years. (DE 344, Plea Agreement at 4). The plea agreement also set forth the parties' belief that Green qualified as a career offender under the United States Sentencing Guidelines. (DE 344, Plea Agreement at 5–6). On December 17, 2013, this Court sentenced Green to the statutory minimum sentence of 120 months of imprisonment. (DE 852, Transcript at 16). The Court exercised its discretion to vary from Green's then-undisputed guideline range of 262–327 months of imprisonment. (DE 852, Transcript at 3).

Green moves, again, for post-conviction relief under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The *Johnson* Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Green asserts that *Johnson* likewise invalidates the textually identical U.S.S.G. § 4B1.2(a) career offender residual clause, which was used in calculating Green's guideline range. This Court denied Green's initial application for § 2255 relief because Green's 120-month sentence was based on the applicable statutory minimum resulting from his prior drug conviction—120 months—not the guideline range resulting from his career offender status—262–327 months. Thus, the *Johnson* decision was inapplicable to Green's sentence.

## II. ANALYSIS

### A. Motion to Reopen

This Court denied Green's initial application under 28 U.S.C. § 2255 on April 27, 2016. (DE 1178; DE 1179). A copy of the order and a copy of the judgment were mailed to Green at FCI Manchester, where he was, and continues to be, incarcerated. (DE 1170-1; DE 1226-1; DE 1249-1). Time for filing a notice of appeal of that order elapsed sixty days thereafter. Fed. R. App. P. 4(a)(1)(B). Nonetheless, Green now moves to reopen the time for him to file his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). That rule permits reopening if: (A) a party fails to receive notice within twenty-one days after the entry of the judgment or order sought to be appealed; (B) the motion to reopen is filed within the earlier of 180 days of entry or fourteen days of the party receiving notice; and (C) no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Green states that he received a response from the Clerk of Court on July 12, 2016, informing him that his § 2255 motion had been denied. (DE 1226). With this timeline, because 180 days had not yet elapsed, Green had, at most, fourteen days from that date to

submit a motion to reopen the time to file a notice of appeal. Fed. R. App. P. 4(a)(6)(B). His motion was filed more than a month later. Accordingly, Green's motion to reopen can be denied as untimely.

However, supposing Green's motion to be timely, this Court still has the discretion to deny a motion to reopen time to file an appeal, even where the movant has complied with all three express conditions imposed by Federal Rule of Appellate Procedure 4(a)(6). *See Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007).

In *Evans v. United States*, the Sixth Circuit addressed a defendant's motion to reopen time to file an appeal. 165 F.3d 27 (unpublished table decision), available at No. 96-1962, 1998 WL 598712, at *2 (6th Cir. Aug. 28, 1998). There, in circumstances similar to here, the defendant claimed to have never received formal notice of the district court's denial of his § 2255 motion. *Id.*

Upon review, the Sixth Circuit found that it was not an abuse of discretion for the district court to deny the motion "given that Defendant failed to provide any supporting evidence for his contention that he never received notice." *Id.* However, "[w]hen a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing." *Id.* (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995)). Still, the movant bears the burden of proving non-receipt. *Id.*

Here, like the defendant in *Evans*, Green did not provide the Court with anything other than his denial. Further, Green's address has not changed and both the docket sheet and the office of the Clerk of Court confirm that a copy of this Court's April 27th order and judgment were mailed to Green at FCI Manchester.

Thus, Green's motion to reopen time in which to file an appeal will be denied.

**B. Successive § 2255 Petition**

Judge Wier's report recommended that Green's successive § 2255 petition be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Judge Wier further advised the parties that they had fourteen days in which to file objections to the recommendation. (DE 1209, Report and Recommendation at 5).

This Court would exercise *de novo* review of the portions of the Report and Recommendation to which objections were made, *see* 28 U.S.C. § 636(b)(1)(C), but Green failed to file any such objections. Thus, having reviewed the Report and Recommendation, this Court adopts Judge Wier's proposed findings of fact and conclusions of law.

Accordingly, **IT IS ORDERED** that:

1. Green's motion to reopen time to file a notice of appeal (DE 1226) is **DENIED**;

2. Magistrate Judge Wier's Report and Recommendation (DE 1209) is **ADOPTED** as and for the opinion of this Court;

3. Green's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 1206) is **TRANSFERRED** to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated February 13, 2017.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY