UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **United States of America,**<br>Plaintiff,<br><br>v.<br><br>**Xavier Durrell Green,**<br>Defendant. | Criminal No. 5:12-79-KKC-7<br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon Defendant Xavier Durrell Green's motion to amend his sentence that was imposed upon revocation of supervised released. [DE 1555.]

After pleading guilty to conspiracy to distribute and distribution of crack cocaine, Green was sentenced to a 120-month term of imprisonment followed by eight years of supervised release. Following his prison term, on March 12, 2020, Green was released from custody and began the imposed term of supervision. However, on July 23, 2021, this Court found Green guilty of violating the terms of his release and imposed a five-year term of imprisonment. In a letter to the Court postmarked November 10, 2021, Green now asks that the Court consider modifying his sentence after he completes the "Challenge Program," which he has enrolled in at his facility and says he will complete in approximately nine months. For the reasons explained in this opinion, Green's motion will be denied.

A district court has no inherent authority to modify an otherwise valid sentence and "may modify a defendant's sentence only as provided by statute." *United States v. Sanderson*, 690 F. App'x 388, 389 (6th Cir. 2017) (quoting *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009)). "Congress has provided the court with the authority to modify previously imposed sentences in three, very limited circumstances," and

that authority, as well as its limitations, are set forth in 18 U.S.C. § 3582(c). *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020); *see also United States v. Branch*, No. 3:05-12-KKC, 2012 U.S. Dist. LEXIS 108147, at *2 (E.D. Ky. Aug. 2, 2012) (listing the three circumstances where a court is permitted to modify a sentence). First, a court may modify a sentence under what is known as the "compassionate release" provision of § 3582(c)(1)(A). Second, courts may modify a sentence as "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." § 3582(c)(1)(B). Third, a court may modify the sentence of a defendant who was sentenced based on a range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).18 U.S.C. § 3582 (c)(2).

The general rule is that a court cannot modify a sentence once it has been imposed and none of the statutory exceptions to that general rule apply to this case. Green has not requested relief under the compassionate relief provision of § 3582(c)(1)(A). Likewise, he has not invoked § 3582(c)(2) and the Sentencing Commission has not changed the sentencing range since the Court imposed Green's sentence on July 23, 2021. Therefore, the only way the Court could possibly modify his sentence is under § 3582(c)(1)(B), but as explained below, relief under that provision is not available here.

The exception found in § 3582(c)(1)(B) authorizes modification of a sentence when "expressly permitted by statute" or by Rule 35. That section's authorization is not itself sufficient—another statute must allow modification of a sentence and supply the standards for doing so. Here, the Court is aware of no statute that would permit the Court to modify Green's sentence, and he has not pointed to any such authority. That leaves Rule 35, which provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). The Court sentenced Green on July 23, 2021, [*See* DE 1541, at 1], and his motion was not filed until November 10, 2021. [*See* DE 1555.] Accordingly, the Court does not have jurisdiction to modify the sentence. *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011). The Court

further notes, however, that it sees no reason to modify the sentence in this matter and continues to find the imposed sentence appropriate.

For the reasons stated in this opinion, and the Court otherwise being sufficiently advised, it is hereby **ORDERED** that Defendant Xavier Durrell Green's motion [DE 1555] is **DENIED**.

Dated November 29, 2021.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY